UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MATEO UTUY TIQUIRAM, BULMARO MIGUEL,
HERNANDEZ, and ENRIQUE CARLOS VIVEROS,
Individually and on behalf of All Others Similarly Situated          No.: 1:18-cv-04044-AMD-RLM

                                    Plaintiffs,                      **ANSWER**

            -against-

KANONI, INC. d/b/a ARCH DINER,
DIMITRIOS KALOIDIS, and JOHN DOES #1-4,
Jointly and Severally,

                                    Defendants.
-----------------------------------------------------------------------X

        Defendants, Kanoni, Inc. d/b/a Arch Diner ("Arch Diner") and Dimitrios Kaloidis ("Mr.

Kaloidis") (collectively, "Defendants"), by and through their attorneys, Gerstman Schwartz LLP,

hereby answer the Class & Collective Action Complaint ("Complaint") of Mateo Utuy Tiquiram

("Mr. Tiquiram"), Bulmaro Miguel Hernandez ("Mr. Hernandez"), and Enrique Carlos Viveros

("Mr. Viveros") (collectively, "Plaintiffs"), asserting affirmative and other defenses, as follows :

                        **"NATURE OF THE ACTION"**

        1.      Defendants deny the allegations contained in paragraph 1 of the Complaint, except

admit that the Plaintiffs are working or have worked for the Arch Diner in various capacities.

        2.      Defendants deny the allegations contained in paragraph 2 of the Complaint, except

admit that the Plaintiffs purport to bring this action to recover for alleged violations of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL"),

§§ 650 *et seq*. and §§ 190 *et seq*.

        3.      Defendants deny the allegations contained in paragraph 3 of the Complaint, except

admit that the Plaintiffs purport to bring their alleged FLSA claims "on behalf of themselves and

1

all other similarly situated employees" and their alleged NYLL claims "on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees[.]"

## "JURISDICTION AND VENUE"

4.      Defendants deny the allegations in paragraph 4 of the Complaint, and specifically deny that the Court should exercise supplemental jurisdiction in this case, except admit that this Court has jurisdiction over actions invoking federal law in accordance with the provisions of 28 U.S.C. §§ 1331, 1337, and 29 U.S.C. § 216(b).

5.      Defendants deny the allegations in paragraph 5 of the Complaint, except admit that the Plaintiffs purport venue is proper under 28 U.S.C. § 1391.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 6 is construed to contain factual allegations, Defendants deny the allegations in paragraph 6 of the Complaint.

## "THE PARTIES"

**"Plaintiffs:"**

7.      Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9.      Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint, except admit that (1) the Arch Diner is located at 1866 Ralph Avenue, Brooklyn, New York 11234, and (2) the Plaintiffs are working or have worked for the Arch Diner.

11.     Defendants deny having knowledge sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint, except admit that the Plaintiffs have attached to their Complaint three documents entitled "CONSENTIMIENTO PARA SER UN DEMANDANTE."

**"Defendants:"**

12.     Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Mr. Kaloidis holds a stake in the Arch Diner.

14.     Defendants deny the allegations in paragraph 14 of the Complaint, except admit that the Plaintiffs purport to include allegations against "Doe" defendants.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 18 of the Complaint states factual allegations, Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint, except admit that the Arch Diner's gross revenue is not less than $500,000.

**"FLSA COLLECTIVE ACTION ALLEGATIONS"**

21.     Defendants deny the allegations in paragraph 21 of the Complaint, except admit that Plaintiffs purport to bring their alleged "First and Second Causes of Action as a collective action under the FLSA on behalf of themselves" and a "collective" of "non-management employees" who were allegedly employed by the Arch Diner since July 13, 2015.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

## "RULE 23 CLASS ACTION ALLEGATIONS"

24.     Defendants deny the allegations in paragraph 24 of the Complaint, except admit that Plaintiffs purport to bring their alleged "Third through Eighth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves" and a "class" of "non-management employees" who were allegedly employed by the Arch Diner since July 13, 2012.

25.     Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 25 of the Complaint states factual allegations, Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint, including all of its subparagraphs, states a legal conclusion to which no response is required. To the extent paragraph 28 of the Complaint states factual allegations, Defendants deny the allegations, including all subparagraphs, in paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 29 of the Complaint states factual allegations, Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny having knowledge sufficient to form a belief as to the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiffs purport their counsel are "experienced" and "well-prepared" "class action litigators."

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint, except admit that the Plaintiffs purport to "lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants."

34.     Defendants deny the allegations in paragraph 34 of the Complaint, except admit that the Plaintiffs purport to have "no interest or capacity to bring separate actions."

## **"STATEMENT OF FACTS"**

### **"Arch Diner"**

35.     Defendants deny the allegations in paragraph 35 of the Complaint, except admit that the Arch Diner is normally open 24 hours a day, 7 days a week.

36.     Defendants deny the allegations in paragraph 36, except admit that Mr. Kaloidis has held a stake in the Arch Diner since on or about 1994.

37.     Defendants admit the allegation in paragraph 37 of the Complaint.

38.     Defendants admit the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

**"Plaintiffs' Work for Defendants"**

42.     Defendants deny the allegations in paragraph 42 of the Complaint, except admit that Plaintiff Mateo Utuy Tiquiram worked at the Arch Diner over a period of years in various positions until on or about June 2018.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47, except admit that Plaintiff Hernandez worked at the Arch Diner over a period of years.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint, except admit that Plaintiff Viveros has worked for the Arch Diner over a period of years.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

**"Defendants' Unlawful Corporate Policies"**

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint, except admit that the Plaintiffs purport to "have spoken with other employees" about their pay.

64.     Defendants deny the allegations in paragraph 64 of the Complaint, except admit that the Plaintiffs purport to "have spoken with other employees" about their pay.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states a legal conclusion to which no response is required. To the extent paragraph 67 of the Complaint states factual allegations, Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

**"FIRST CAUSE OF ACTION"**
**"FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE"**
**"(Brought on Behalf of Plaintiffs and the Collective Action Members)"**

72.     In response to the allegations set forth in paragraph 72 of the Complaint, Defendants repeat each and every response to paragraphs 1 through 71 as if fully set forth herein.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

**"SECOND CAUSE OF ACTION"**
**"FAIR LABOR STANDARDS ACT – UNPAID OVERTIME"**
**"(Brought on Behalf of Plaintiffs and the Collective Action Members)"**

76.     In response to the allegations set forth in paragraph 76 of the Complaint, Defendants repeat each and every response to paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

**"THIRD CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – UNPAID MINIMUM WAGE"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

80.     In response to the allegations set forth in paragraph 80 of the Complaint, Defendants repeat each and every response to paragraphs 1 through 79 as if fully set forth herein.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

**"FOURTH CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – UNPAID OVERTIME"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

83.     In response to the allegations set forth in paragraph 83 of the Complaint, Defendants repeat each and every response to paragraphs 1 through 82 as if fully set forth herein.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

**"FIFTH CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

86.   In response to the allegations set forth in paragraph 86 of the Complaint,
Defendants repeat each and every response to paragraphs 1 through 85 as if fully set forth herein.

87.   Defendants deny the allegations in paragraph 87 of the Complaint.

88.   Defendants deny the allegations in paragraph 88 of the Complaint.

**"SIXTH CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

89.   In response to the allegations set forth in paragraph 89 of the Complaint,
Defendants repeat each and every response to paragraphs 1 through 88 as if fully set forth herein.

90.   Defendants deny the allegations in paragraph 90 of the Complaint.

91.   Defendants deny the allegations in paragraph 91 of the Complaint.

**"SEVENTH CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

92.   In response to the allegations set forth in paragraph 92 of the Complaint,
Defendants repeat each and every response to paragraphs 1 through 91 as if fully set forth herein.

93.   Defendants deny the allegations in paragraph 93 of the Complaint.

94.   Defendants deny the allegations in paragraph 94 of the Complaint.

**"EIGHTH CAUSE OF ACTION"**
**"NEW YORK LABOR LAW – UNIFORM VIOLATIONS"**
**"(Brought on Behalf of Plaintiffs and the Class Members)"**

95.   In response to the allegations set forth in paragraph 95 of the Complaint,
Defendants repeat each and every response to paragraphs 1 through 94 as if fully set forth herein.

96.   Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

## "PRAYER FOR RELEF"

98.     Defendants deny that Plaintiffs are entitled to the relief set forth in the "PRAYER FOR RELIEF" or to any relief from the Defendants.

## "DEMAND FOR TRIAL BY JURY"

99.     Defendants deny that the Plaintiffs are entitled to a trial by jury.

## GENERAL DENIAL

100.     Defendants deny each and every allegation set forth in the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations asserted in the Complaint, the Defendants assert the following defenses. In asserting these defenses, the Defendants do no assume the burden of proof on any matters for which Plaintiffs rightfully bear the burden of proof. Since this case has not been certified as a collective or class action, the Defendants do not yet know which individuals, if any, may subsequently attempt to join this lawsuit. Therefore, the term "Plaintiffs," as used below, refers to any and all current and future Plaintiffs in this lawsuit, including those already named, opt-in plaintiffs, and class members. As a matter of due process, if additional Plaintiffs join the lawsuit, the Defendants should be afforded the right to assert additional defenses and counter claims prior to the close of discovery. In addition, the Defendants reserve the right to assert additional defenses and counter claims as facts are discovered during the course of its investigation into the allegations made in this lawsuit.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

To the extent the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## FOURTH DEFENSE

Without admitting that Plaintiffs were subject to the minimum wage, overtime, and/or other provisions of the FLSA or the NYLL, Plaintiffs were properly, fully, and timely compensated under all applicable wage and hours laws for the work they performed.

## FIFTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exemptions, exceptions, credits, recoupments, or offsets permissible under the FLSA and the NYLL.

## SIXTH DEFENSE

Plaintiffs' claims are barred because they were exempt from the overtime requirements of the FLSA and NYLL.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were provided with adequate and sufficient notice, including through written, oral, and/or actual notice as well as

estoppel, thereby entitling their employer to use the tip credit provisions prescribed by the FLSA and NYLL.

## EIGHTH DEFENSE

If discovery reveals Plaintiffs falsely or inaccurately reported their hours of work and there is no evidence that they were authorized, suffered, or permitted to falsely report hours, Defendants assert the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

## NINTH DEFENSE

The claims of Plaintiffs and any purported opt-ins are barred, in whole or in part, as to all hours allegedly worked that the Defendants did not suffer or permit to be worked and/or which Defendants lacked actual or constructive knowledge.

## TENTH DEFENSE

Plaintiffs' claims for overtime are barred to the extent they are based on non-compensable activities under the FLSA and NYLL, including pre- and post-preliminary activities and/or *de minimis* activities.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of *res judicata* and/or collateral estoppel if any of the Plaintiffs have asserted in any prior legal or administrative proceeding that he or she was entitled to any additional payment to which he or she claims entitlement in this lawsuit.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent they petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that there is/are other actions pending on the same claims.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred the applicable doctrines of waiver, unclean hands, ratification, accord and satisfaction, *in pari delicto*, and/or laches, including where Plaintiffs and the individuals they seek to represent did not record their time properly, accurately, and/or completely.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands based upon Plaintiffs' violations of the timekeeping and recordkeeping policies of the Arch Diner.

## SIXTEENTH DEFENSE

The individual defendants in this action, including Defendant Dimitrios Kaloidis, are not proper defendants because they were not or are not Plaintiffs' "employer" or "joint employer" within the scope of the FLSA or the NYLL.

## SEVENTEENTH DEFENSE

Plaintiffs' claims of the purported class and/or collective action members are barred, in whole or in part, because any injury to Plaintiffs and/or the purported class and/or collective action members was a result of the conduct or omissions of Plaintiffs or of the purported class and/or collective action members or others, and was not the result of any act or omission on the part of the Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## NINETEENTH DEFENSE

Defendants oppose collective action and class action certification and dispute the propriety of collective and class treatment. If the Court certifies a collective or class action in this case over Defendants' objections, then Defendants assert the applicable affirmative and other defenses set forth herein against each and every member of the certified class or collective action.

## TWENTIETH DEFENSE

Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims. Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow Plaintiffs to assert their state law wage and hour claims on an individual basis in this action.

## TWENTY-FIRST DEFENSE

Pendent or other jurisdiction should not be exercised over Plaintiffs' New York Labor Law claims, and to the extent Plaintiffs lack a claim under the FLSA, there is no subject matter jurisdiction over non-federal claims asserted by Plaintiffs in this Court.

## TWENTY-SECOND DEFENSE

Plaintiffs lack standing to bring this action and have failed to properly allege standing to assert the claims attempted to be alleged in the Complaint.

## TWENTY-THIRD DEFENSE

The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class action because, among other reasons: (1) Plaintiffs failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) Plaintiffs are inadequate representatives of the purported class; (4) Plaintiffs cannot establish

commonality of claims; (5) Plaintiffs cannot establish typicality of claims; (6) Plaintiffs and their counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiffs are not similarly situated to any current or former employee of Defendants; (8) the individualized nature of Plaintiffs' claims makes class or collective treatment inappropriate; (9) Plaintiffs cannot satisfy the requirements of class action treatment, and class action treatment is neither appropriate nor constitutional; (10) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (11) the alleged putative class is not ascertainable, nor are its members identifiable; and (12) to the extent that the alleged putative class is ascertainable and its members are identifiable, the number of putative class members is too small to meet the numerosity requirement for a class action.

## TWENTY-FOURTH DEFENSE

If it is found that the Defendants violated any provision of the FLSA, which the Defendants expressly deny, such violation was not pursuant to a uniform policy or plan and no liability exists and/or a collective action cannot be maintained.

## TWENTY-FIFTH DEFENSE

Certain of the interests of the proposed class of Plaintiffs are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiffs purport to represent, the existence of which is expressly denied.

## TWENTY-SIXTH DEFENSE

This case is not appropriate for collective action certification because certain of the interests of Plaintiffs are in conflict with the interests of the putative collective action members Plaintiffs purport to represent.

### TWENTY-SEVENTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

### TWENTY-EIGHTH DEFENSE

This case is not appropriate for class action certification because certain of the interests of the Plaintiffs or the proposed class are in conflict with the interests of all or some of the putative class members Plaintiffs purport to represent.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims of the alleged class and/or collective action members are barred, in whole or in part, because Plaintiffs' and/or the purported class and/or collective action members' alleged damages, if any, are too speculative or remote and/or impossible to establish with reasonable certainty.

### THIRTIETH DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to each of the purported collective action members.

### THIRTY-FIRST DEFENSE

Defendants reserve the right to present evidence, if such evidence exists, demonstrating that any Plaintiff and/or purported class and/or collective action member engaged in misconduct of such severity that the Plaintiff's and/or the purported class or collective action member's employment would have been terminated if Defendants had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of that Plaintiff or purported class and/or collective action member after that date.

16

### THIRTY-SECOND DEFENSE

To the extent that any unnamed class and/or collective action members have filed inadmissible or inappropriate consents, or not filed written consents with the Court at all, those unnamed class and/or collective action members' claims shall not be considered to have "commenced' under 29 U.S.C. §§ 216(b), 255, 256, and 257.

### THIRTY-THIRD DEFENSE

Defendants were not required to keep records pursuant to NYLL § 195 for Plaintiffs if they commenced and/or concluded alleged employment prior to the enactment of such requirements.

### THIRTY-FOURTH DEFENSE

To the extent the Defendants were required to keep records, Defendants complied with the record-keeping provisions required by NYLL § 195, and even if such records were missing or incomplete, Plaintiffs' claims are barred because Plaintiffs received complete and timely payment of all wages due to Plaintiffs under NYLL.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims pursuant to NYLL § 195 are barred because, to the extent Defendants did not keep records pursuant to that law, which the Defendants expressly deny, Defendants reasonably believed in good faith that they were in compliance with this provision of the NYLL.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent, investigate, and promptly correct any violations of law or its payroll policies, and Plaintiffs unreasonably failed to avail themselves of these preventative and corrective opportunities or otherwise to avoid harm.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that their actions did not violate the statutes referenced in the Complaint. Therefore, Defendants assert good faith as a defense to any claim by Plaintiffs for liquidated damages.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants acted with a good-faith and reasonable belief that they had complied fully with federal and state law, within the meaning of 29 U.S.C. §§ 259, 260 and N.Y. Labor Law § 198 and otherwise. Should it be found that a violation occurred, which the Defendants expressly deny, Defendants' conduct was not willful within the meaning of 29 U.S.C. § 255 and N.Y. Labor Law § 198 or otherwise.

## THIRTY-NINTH DEFENSE

Defendants acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint. Therefore, Plaintiffs cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) and the NYLL.

## FORTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, and the NYLL, because the actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative, regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, New York State Department of Labor, and/or any such agency.

**FORTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, and the NYLL, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the NYLL.

**FORTY-SECOND DEFENSE**

If Plaintiffs succeed in establishing any violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiffs, Defendants are entitled to a set-off against any said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

**FORTY-THIRD DEFENSE**

To the extent Plaintiffs are deemed to be entitled to any relief, which the Defendants expressly deny, Defendants are entitled to an offset based on the paid meal period and/or other paid break time during which Plaintiffs performed no work, as applicable.

**FORTY-FOURTH DEFENSE**

Defendants state, in the alternative, if necessary, that Plaintiffs cannot recover both liquidated damages and pre-judgment interest because those forms of relief are duplicative of each other.

**FORTY-FIFTH DEFENSE**

Defendants made complete and timely payment of all wages due to Plaintiffs under Article 6 or Article 19 or Article 19 of the NYLL.

## FORTY-SIXTH DEFENSE

Defendants reasonably believed in good faith that they provided Plaintiffs with adequate notice of wage information pursuant to NYLL § 195(1).

## FORTY-SEVENTH DEFENSE

To the extent that the Defendants are liable for any unpaid overtime, which the Defendants expressly deny, such amounts should be calculated on a half-time basis as permitted by applicable law.

## FORTY-EIGHTH DEFENSE

Even if the Defendants failed to pay individuals for any of the activities alleged in the Complaint, such activities do not constitute compensable work under the FLSA or the NYLL, as such activities were not an integral and indispensable part of the Plaintiffs' principal activities of employment.

## FORTY-NINTH DEFENSE

Some or all of the Plaintiffs' claims for relief under New York law fail because New York does not provide for mandatory overtime.

## FIFTIETH DEFENSE

Any uniforms that may have been required were provided and/or maintained by Defendant Arch Diner free of charge and in compliance with the FLSA and NYLL.

## FIFTY-FIRST DEFENSE

Any alleged deductions for uniform costs did not reduce Plaintiffs' wages below minimum wage.

### FIFTY-SECOND DEFENSE

Any alleged reimbursements for uniform costs were not included in calculation of wage compliance.

### FIFTY-THIRD DEFENSE

To the extent a uniform was required, it may be worn as part of Plaintiffs' ordinary wardrobe.

### FIFTY-FOURTH DEFENSE

Some or all of the Plaintiffs' claims for class action relief under New York law fail because New York law prohibits class causes of action for relief that include invocation of penalties against a defendant.

### FIFTY-FIFTH DEFENSE

Plaintiffs are not eligible for spread-of-hours compensation to the extent Plaintiffs were paid above the minimum wage.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were compensated for "spread of hours" compensation to which they may have been entitled to pursuant to the NYLL.

### FIFTY-SEVENTH DEFENSE

Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

### FIFTY-EIGHTH DEFENSE

To the extent Plaintiffs' Complaint asserts an alleged entitlement to an award of punitive damages, the Defendants allege that the standards for such an award are unconstitutionally vague

under both the federal and state constitutions, in that there are no adequate standards or guides (1) for determining the type of conduct on which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing or determining the amount of any punitive damages to be awarded. Moreover, there are inadequate procedural safeguards under state law for awarding punitive damages in that to the extent punitive damages are imposed as a punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt, are provided. Finally, excessive punitive damages violate the Due Process clauses of the United States and New York Constitutions.

## FIFTY-NINTH DEFENSE

Neither the Complaint nor any of its causes of action states a claim upon which an award of attorneys' fees may be assessed against the Defendants.

## SIXTIETH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest may be awarded.

## SIXTY-FIRST DEFENSE

Plaintiffs have failed to state facts sufficient to sustain an award of punitive and/or liquidated damages against the Defendants.

## SIXTY-SECOND DEFENSE

Plaintiffs' claims and the claims they seek to assert on behalf of others are barred to the extent they seek double recovery of wages under both FLSA and NYLL.

## SIXTY-THIRD DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## <u>RESERVATION OF RIGHTS</u>

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants request judgment against Plaintiffs with respect to the claims asserted in their Complaint, the dismissal of the Complaint in the above-captioned action, and the entry of a judgement in favor of the Defendants, together with costs and disbursements incurred in the defense of the above-captioned action and any other relief this Court may deem just and proper.

Dated: Garden City, New York
      September 7, 2018

                    Respectfully submitted,

                    **GERSTMAN SCHWARTZ LLP**

By:       /s/ David M. Schwartz
           David M. Schwartz, Esq.
           1399 Franklin Avenue, Suite 200
           Garden City, New York 11530
           Tel. No.: (516) 880 – 8170
           dschwartz@gerstmanschwartz.com

By:       /s/ Ian-Paul A. Poulos
           Ian-Paul A. Poulos, Esq.
           1399 Franklin Avenue, Suite 200
           Garden City, New York 11530
           Tel. No.: (516) 880 – 8170
           ipoulos@gerstmanschwartz.com

           *Counsel for Defendants*
           *Kanoni, Inc. d/b/a Arch Diner &*
           *Dimitrios Kaloidis*

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

MATEO UTUY TIQUIRAM, BULMARO MIGUEL,
HERNANDEZ, and ENRIQUE CARLOS VIVEROS,
Individually and on behalf of All Others Similarly Situated

No.: 1:18-cv-04044-AMD-RLM

            Plaintiffs,

**CERTIFICATE OF SERVICE**

      -against-

KANONI, INC. d/b/a ARCH DINER,
DIMITRIOS KALOIDIS, and JOHN DOES #1-4,
Jointly and Severally,

            Defendants.
---------------------------------------------------------------------X


      The undersigned hereby certifies that a true and correct copy of the foregoing Defendants'

Answer has been electronically filed and served upon Plaintiffs' counsel through the Court's ECF

system and via First Class Mail, postage prepaid, on September 7, 2018, at the address listed below:

PELTON GRAHAM LLC
Brent E. Pelton, Esq.
Taylor B. Graham, Esq.
111 Broadway, Suite 1503
New York, New York 10006
*Counsel for Plaintiffs*

Date:   September 7, 2018


            _____*/s/ Ian-Paul A. Poulos*_____
            Ian-Paul A. Poulos, Esq.

24